**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

|  |  |
|---|---|
| IRVING SERRA, individually and on behalf of all others similarly situated, | Case No. |
|  | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, ET SEQ.** |
| CRUMBL, LLC, |  |
| Defendant. |  |
|  | **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

1.      Plaintiff, Irving Serra ("Plaintiff"), brings this action against Defendant, Crumbl, LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3.      Defendant is a nationally renown cookie company with over 980 stores located throughout the United States which generate over $1 billion in annual sales. To promote its products, Defendant engages in aggressive unsolicited marketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products without regards to consumers' rights under the TCPA and even after consumers opt out of such marketing.

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court

jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this district, because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred within the State of California and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of California.

## PARTIES

7.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of San Bernardino County, California.

8.      Defendant is a Utah limited liability company whose principal place of business is located at 160 E UNIVERSITY PKWY STE G, OREM, UT, 84058, USA. Defendant directs, markets, and provides its business activities throughout United Stated and the State of California.

9.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant

## FACTUAL ALLEGATIONS

10.     Beginning in at least August of 2024, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number

**CLASS ACTION COMPLAINT**

ending in 7330 (the "7330 Number") including but not limited to the following text below from August 21 and 29, 2024, from Defendant's 278625 telephone number:



11.    Defendant's messages included the following opt-out instructions: "STOP to opt out."

**CLASS ACTION COMPLAINT**

12.     As shown above, on August 29, 2024, Plaintiff responded with the word "Stop" in an attempt to opt-out of any further text message communications with Defendant.

13.     Within seconds after Plaintiff sent the opt-out request, Defendant responded, acknowledging Plaintiff's explicit request to opt-out from further communication with Defendant, as demonstrated below:



**CLASS ACTION COMPLAINT**

14.     Despite Plaintiff's use of Defendant's preferred opt-out language and Defendant's subsequent opt-out confirmation, Defendant ignored Plaintiff's opt-out demand and continued to bombard Plaintiff with numerous telemarketing text messages, as evidenced by the examples above from September 5, 2024 and below from September 19 and 25, 2024:



**CLASS ACTION COMPLAINT**

15.     Defendant's continued to send unwanted text messages to Plaintiff through 2024 and early 2025, prompting Plaintiff to send additional "stop" requests on at least September 25, 2024, October 11, 2024, October 16, 2024 (three times), October 30, 2024 (twice), November 7, 2024, November 27, 2024, December 23, 2024, and at least January 2, 2025, as demonstrated below:



**CLASS ACTION COMPLAINT**




**CLASS ACTION COMPLAINT**




**CLASS ACTION COMPLAINT**




**CLASS ACTION COMPLAINT**




**CLASS ACTION COMPLAINT**




**CLASS ACTION COMPLAINT**



16.    As demonstrated above, each time Plaintiff attempted to opt out using Defendant's preferred opt out language, Defendant responded within seconds, acknowledging Plaintiff's explicit request to opt-out from further communication with Defendant.

17.    Despite Plaintiff's use of Defendant's preferred opt-out language and Defendant's subsequent opt-out confirmation, Defendant ignored Plaintiff's opt-out

**CLASS ACTION COMPLAINT**

demand and continued to bombard Plaintiff with numerous telemarketing text messages, as evidenced by the examples above.

18.    These facts suggest that Defendant failed to maintain a master opt-out list and/or failed to maintain internal policies to sufficiently cross-reference Defendant's various marketing telephone numbers with the opt-out requests made by Plaintiff and members of the Class.

19.    Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

20.    Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., cookie sales.

21.    The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

22.    Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

23.    Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

24.    Defendant sent the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

25.    Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

26.    At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

**CLASS ACTION COMPLAINT**

27.     To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes that extent was expressly revoked on August 29, 2024 when Plaintiff responded to Defendant with the word "Stop".

28.     Plaintiff has no existing business relationship with Defendant.

29.     Plaintiff is the subscriber and sole user of the 7330 Number and is financially responsible for phone service to the 7330 Number.

30.     Plaintiff's 7330 Number is his residential telephone number that he uses for personal purposes in the same way a residential landline would be used. Plaintiff's 7330 Number is his primary way of being contacted by telephone when in his home.

31.     The text messages originated from telephone number 278625, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

32.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

33.     Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

34.     Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations

## CLASS ALLEGATIONS

**CLASS ACTION COMPLAINT**

35.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

36.    Plaintiff brings this case on behalf of a Class defined as follows

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

37.    Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

38.    Also excluded from the Internal Do Not Call Class are persons who, after making a request to Defendant to not receive future messages, (1) did not receive further messages from Defendant after his/her opt out request and (2) subsequently affirmatively opted-in to receive more text messages from Defendant.

## NUMEROSITY

39.    Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who had already requested to be opted out of further communications. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

40.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

16

**CLASS ACTION COMPLAINT**

41.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

      a)  Whether Defendant violated 47 C.F.R. § 64.1200(d);

      b)  Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

      c)  Whether Defendant keeps records of text recipients who revoked consent to receive texts;

      d)  Whether Defendant has any written policies for maintaining an internal do not call list;

      e)  Whether Defendant's conduct was knowing and willful;

      f)  Whether Defendant violated the privacy rights of Plaintiff and members of the class;

      g)  Whether Defendant is liable for damages, and the amount of such damages; and

      h)  Whether Defendant should be enjoined from such conduct in the future.

42.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers who have previously opted out of Defendant's text messages is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

43.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

**CLASS ACTION COMPLAINT**

44.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

45.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

46.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA 47 U.S.C. § 227(c)(2)**
**(On Behalf of the Plaintiff and the Internal Do Not Call Class)**

47.     Plaintiff re-alleges and incorporates paragraphs 1-46 as if fully set forth herein.

48.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action

**CLASS ACTION COMPLAINT**

based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

49.    Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

50.    Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described

in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991

47 C.F.R. § 64.1200(e).

51.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

52.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

53.     Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

54.     Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

55.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

56.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

57.     Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

58.     Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**CLASS ACTION COMPLAINT**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## <u>JURY DEMAND</u>

Plaintiff and Class Members hereby demand a trial by jury.

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: January 29, 2025             Respectfully submitted,

                                    By: /s/ Scott Edelsberg

                                    **EDELSBERG LAW, P.A.**
                                    Scott Edelsberg, Esq. (CA Bar No. 330990)
                                    1925 Century Park E #1700
                                    Los Angeles, CA 90067

**CLASS ACTION COMPLAINT**

Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiffs and the Proposed Classes*

**CLASS ACTION COMPLAINT**